UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.05-81040-Civ-Hurley/Hopkins

FAIR HOUSING CENTER of the
GREATER PALM BEACHES, INC.,
and ELOIS THOMAS,

      Plaintiffs,

vs.

HIGH POINT OF DELRAY BEACH
CONDOMINIUM ASSOCIATION,
SECTION 1, INC., CHARLES C.
JORDAN, PRESIDENT; AND
HERBERT KELLER, VICE PRESIDENT,

      Defendants.
_____/

## ORDER CONCERNING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (DE 34)

**THIS CAUSE** is before this Court upon an Order referring discovery matters to the undersigned for final disposition. (DE 17). Plaintiffs have filed a motion for protective order, seeking to quash the subpoena issued by Defendant to UPS. (DE 34).

**I. Background**

In this Fair Housing Act action, Defendants issued a Rule 45 subpoena directed at UPS, the employer of Plaintiff Elois G. Thomas' son. (DE 34). Defendant's subpoena, issued on August 4, 2006, seeks "the entire personnel file of Ricardo E.

Grant." (DE 34, ex. A). UPS is a non-party to the action, and Ricardo Grant is a non-party witness in the action. (DE40). On August 15, 2006, Plaintiffs filed the instant Motion for Protective Order, asserting that the subpoena was issued in order to harass, and in retaliation for Mr. Grant's testimony in the action. (DE 34). Plaintiffs' motion seeks the Court to "squash [*sic*] Defendant's Subpoena for Production of Documents without Deposition or require the Defendants to show good cause why the employment file should be subpoenaed." (DE 34 at 3).

Defendants' response was filed on August 24, 2006[1], and Plaintiffs' reply was filed on September 6, 2006. (DEs 40, 45). This matter is now ripe for review.

**II. Standing to Quash**

Defendants correctly contend that Plaintiffs do not have standing to assert the motion to quash the non-party subpoena. (DE 40). A party in an action generally does not have standing to quash a non-party subpoena unless the party demonstrates "a personal right or privilege with respect to the materials subpoenaed." *Stevenson v. Stanley Bostitch, Inc.,* 201 F.R.D. 551, 555 (N.D. Ga. 2001) (citing *Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir. 1979)); *Florida v. Jones Chemicals, Inc.,* No.

---

[1] On September 7, 2006, Defendants also filed a Notice of Supplemental Authority in Opposition to Plaintiffs' Motion for Protective Order. (DE 46).

90-875-CIV-J-10, 1993 WL 388645 (M.D.Fla. 1993).

In the instant motion, Plaintiffs seek to quash the subpoena issued to a third party. (DE 34). Pursuant to the above case law, Plaintiffs lack standing to seek a motion to quash unless Plaintiffs have "a personal right or privilege" to the documents sought. *Id.* Defendants in this case seek documents relating to Plaintiff's son, Ricardo Grant. (DE 34). Mr. Grant is not a party to the instant lawsuit. Plaintiffs have provided no basis on which to assert privilege or personal right which would give them standing to quash the subpoena. Thus, this Court concludes that Plaintiffs lack standing to quash Defendants' subpoena.

### III. Rule 26 Protective order

Although Plaintiffs do not have standing to quash the subpoena under Rule 45, courts have held that such standing is not necessary to move for a protective order under Rule 26(c). See *Auto-Owners Insurance Company v. Southeast Floating Docks, Inc.,* 231 F.R.D. 426, 429 (M.D. Fla. 2005) (noting that, as parties, the defendants have standing to move for a protective order where the subpoena seeks irrelevant information, even if defendants have not demonstrated standing necessary to move to quash under Rule 45); *see also Washington v. Thurgood Marshall Academy,* 230 F.R.D. 18, 22 (D.D.C. 2005) (proceeding to discuss and rule on a motion for a Rule 26 protective order where a defendant challenged subpoenas issued to non-parties

3

after recognizing that "[a] motion to quash, or for a protective order, should generally be made by the person from whom the documents or things are requested.").

Federal Rule of Civil Procedure 26 provides:

**(b) Discovery Scope and Limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) *In General.* **Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party,** including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).

(2) *Limitations*. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

> **(c) Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice required to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

Fed. R. Civ. P. 26(b)(1), (2), 26(c) (*emphasis added*).

Plaintiffs assert that a protective order is warranted as the information sought is "not relevant to any issue in this case."[2] (DE 45). The Supreme Court has held that the relevant information "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (citing *Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947)).

---

[2] Plaintiffs also briefly assert objections of overbreadth and vagueness. (DE 34). A party objecting to discovery on the basis of undue burden or overbreadth must generally support the assertion with affidavits or other evidence. *Coker v. Duke & Co., Inc.,* 177 F.R.D. 682, 686 (M.D. Ala. 1998). "The mere statement that a discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Nike, Inc. v. Brandmania.com, Inc.,* Case No. Civ.A. 00-5148, 2002 WL 32348549 at * 5(E.D. Pa. 2002); *see also Cardenas v. Dorel Juvenile Group, Inc.,* 232 F.R.D. 377, 381 (D. Kan. 2005); *see also Merrill,* 227 F.R.D. at 477 (citing *McLeod,* 894 F.2d at 1485). Although, on its face, Plaintiffs' motion fails to provide sufficient support for these assertions, it is unnecessary for the Court to reach a decision based upon Plaintiffs assertions of vagueness and overbreadth.

"Courts are required to accord discovery a broad and liberal scope in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement." *Coker v. Duke & Co., Inc.,* 177 F.R.D. at 684 (citing *Oppenheimer Fund,* 437 U.S. at 351; *Hickman,* 329 U.S. 495). Unless the court determines that discovery should be limited because the expense or burden outweighs the potential value, discovery should be permitted even where there is a doubt over relevancy. *Id*.

Defendants contend that Mr. Grant's personnel file is relevant as it may contain information concerning the witness' motivation and credibility. (DE 40). Plaintiffs' reply briefly asserts that Mr. Grant's personnel file is irrelevant as there is no evidence that Mr. Grant gave untruthful testimony or that his credibility has been called into question. (DE 45 at 2). Moreover, Plaintiffs assert that information concerning Mr. Grant's involvement with a previous discrimination lawsuit is readily available from public sources. (DE 45).

Generally, discovery seeking information with which to impeach an opposing witness is discoverable. *See Phillips v. Berlex Laboratories, Inc.,* No. 3:05CV81(CFD) (TPS), 2006 U.S. Dist. LEXIS 27389 at *9 (D. Conn. 2006) ("Impeachment evidence is almost always relevant to the claims or defenses of a party, and therefore is almost always discoverable. Similarly, evidence of the conduct or

6

character of a witness that arguably suggests his testimony might be untruthful is also discoverable."); *see also* 8 Wright & Miller, *Federal Practice and Procedure*: Civil § 2015 (2006) ("Discovery is commonly allowed in which the discovering party seeks information with which to impeach witnesses for the opposition.") .

The District Court for the Southern District of New York, however, proposed five factors to be considered when determining whether credibility related discovery should be permitted. *Davidson Pipe Co. v. Laventhol and Horwath,* 120 F.R.D. 455, 462-464 (S.D.N.Y. 1988) (finding that defendants were entitled to inquire into prior bad acts of plaintiff).[3] The final factor considered by the court seems particularly relevant to the instant inquiry: "whether the party seeking disclosure has a foundation for its inquiry." *Id.* at 463. The court held that "[t]o justify an inquiry into facts relevant solely to credibility, the party seeking discovery must therefore have a factual basis for believing that prior acts of deception will be revealed." Similarly, before granting the right to Defendants to delve into Mr. Grant's twenty-two year personnel record, Defendants need provide some basis for this court to believe that evidence of

---

[3]In determining whether inquiry into prior acts would be permitted, the court considered: (1) whether the prior acts in question demonstrate a propensity for deception; (2) the extent to which the prior act occurred in a situation where there is a premium on truthfulness; (3)the lapse of time between the prior act and the trial testimony; (4)the relationship between the subject matter of the prior act and the instant litigation; and, (5) "whether the party seeking disclosure has a foundation for its inquiry." *Davidson,* 120 F.R.D. at 462-464.

false statements will be revealed.

Defendants assert that "the UPS personnel file will show whether Mr. Grant's testimony at deposition - like his representations regarding 15 SW 7th Street and completion of the Application for Occupancy - was truthful, only half-true or a concealment of fact: did Mr. Grant 'voluntarily' retire or was that act an alternative to being dismissed for misconduct." (DE 40 at 6). Defendants additionally state that "[o]ne need not be too imaginative to discern hosts of possible impeachment evidence which lies within a 22-year personnel file." (DE 40 at 6). It is clear to this Court that Defendants seek Mr. Grant's personnel record in order to go on a fishing expedition for information with which to impeach him as a witness, and have no factual basis for believing that such impeachment evidence will be found in his file.

Moreover, this Court agrees with a number of other courts in recognizing that "[p]ersonal privacy and the confidentiality of personnel files are important public policy concerns." *James v. Peter Pan Transit Management*, Case No. 5:97-CV-747-BO-1, 1999WL 735173 at *11 (E.D. N.C. 1999); *Whittingham v. Amherst College,* 164 F.R.D. 124, 127 (D. Mass. 1995) (finding that plaintiff's conclusory assertions of relevance are insufficient to outweigh the individual's privacy interests). With these concerns in mind, many courts assign a higher burden to parties seeking discovery of personnel files, requiring that "(1) the material sought [be] clearly relevant, and (2) the

8

need for discovery [be] compelling because the information sought is not otherwise readily available." *Coker,* 177 F.R.D. at 685; *James*, 1999 WL735173. *In re One Bancorp Securities Litigation*, 134 F.R.D. 4,12 (D.Maine 1991) (citing *In re Sunrise Securities Litigation,* 130 F.R.D. 560, 580 (E.D. Pa 1989); *Matter of Hawaii Corp.,* 88 F.R.D. 518, 524 (D. Hawaii 1980) (collecting cases).

Defendants have offered little demonstrating that Mr. Grant's personnel file would be clearly relevant to the case. Defendants have offered one vague statement by Mr. Grant, that he "voluntarily retired," as a basis for searching through his 22 year work history with UPS. Defendants have offered no evidence that the circumstances of his retirement might be other than he stated. In sum, this Court concludes that, but for one exception, Defendants have failed to demonstrate that Mr. Grant's personnel records would be "clearly relevant." The one exception is Mr. Grant's involvement in a previous race discrimination lawsuit. As Mr. Grant is to testify in the instant lawsuit concerning race discrimination, evidence of testimony in a prior lawsuit is clearly relevant as impeachment evidence. Although Plaintiffs do assert that Mr. Grant's testimony in a prior racial discrimination lawsuit can be found through lesser intrusive means via the case name and number, this Court notes that the personnel file may contain relevant information not contained in the official court records. (DE 45).

". . . Rule 26(c) places the burden of persuasion on the party seeking a protective

9

order. To overcome the presumption, the party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the rule 26(c) test." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986); *Auto-Owners,* 231 F.R.D. at 429-30; *see also* 8A Charles Alan Wright, et al, *Federal Practice and Procedure* § 2035 (2005) ("The rule requires that good cause be shown for a protective order. This puts the burden on the party seeking relief to show some plainly adequate reason therefor[e]. The courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements").

Thus, before Plaintiffs may succeed in obtaining a protective order, Plaintiffs must show good cause, with specificity, why a protective order is necessary to protect them from "annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c). Although Plaintiffs fail to adequately discuss the standards of Rule 26(c), this Court concludes through its own analysis that it is unlikely that Mr. Grant's personnel record will lead to evidence which is clearly relevant, with the exception of information concerning the prior racial discrimination lawsuit, thus there is good cause for entry of a protective order in order to protect Mr. Grant from annoyance or embarrassment which may result from the disclosure of his employment

file from UPS in its entirety. Fed. R. Civ. P. 26(c). This Court further concludes that the portion of Mr. Grant's employment record concerning his involvement with any prior racial discrimination actions is clearly relevant to the instant action, and compelling in that public records will likely not encompass all relevant information.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion for protective order is **GRANTED** in part. (DE 34). It is **FURTHER ORDERED** that evidence in Mr. Grant's employment file concerning involvement in prior racial discrimination actions shall be disclosed.

**DONE and ORDERED** in Chambers this 23 day of October, 2006, at West Palm Beach in the Southern District of Florida.

/s/ James M. Hopkins
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record

11